**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**MARIA POWELL,** on behalf of herself and all others similarly situated,

Plaintiff,

**-v.-**

**EM ORGANICS, LLC, d/b/a Earth Mama Organics**

Defendant.

-------------------------------------------------------------x

Case No. ___________

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff **MARIA POWELL**, ("Plaintiff" or "Ms. Powell,") individually and on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through her undersigned counsel, **Robert Schonfeld, Esq.** of JOSEPH & NORINSBERG, LLC, brings this action against Defendant, **EM ORGANICS, LLC, d/b/a Earth Mama Organics** ("Earth Mama" or "Defendant"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., arising from Defendant's failure to ensure that its ecommerce Website, www.earthmamaorganics.com is accessible to blind and visually impaired individuals.

## INTRODUCTION

1. Plaintiff, Maria Powell, is a resident of Bronx County and is permanently disabled due to legal blindness. Ms. Powell suffers from proliferative diabetic retinopathy, a severe and progressive retinal disease that has caused "severe and permanent damage to her vision." Her treating optometrist, Dr. Ralph Paternoster of Park Professional Eyecare in the Bronx, confirms that Ms. Powell "is legally blind due to proliferative diabetic retinopathy" and that "there are no available treatments capable of restoring her lost vision." Her condition "meets the criteria for legal blindness under both State and Federal standards & she should be afforded all privileges and accommodations available to those who are legally blind." (See ***Ex. A*** – *Maria Powell Medical Report*)

2. Ms. Powell is a proficient user of screen-reading technology and keyboard navigation, which she must rely upon to access digital environments independently. Because she cannot visually perceive website content without accessible coding, she depends on websites to provide proper semantic structure, meaningful alternative text, labeled interactive controls, and screen-reader-compatible navigation in order to browse, evaluate, and purchase goods online. For blind consumers such as Ms. Powell, screen-reading software is not optional; it is the only means by which they can independently access the internet.

3. According to the United States Census Bureau, millions of Americans live with significant visual impairments, including more than two million who are legally blind. In New York alone, hundreds of thousands of residents are blind or visually impaired. Congress enacted the Americans with Disabilities Act to eliminate discrimination against individuals with disabilities and to ensure full integration, independent living, and equal opportunity. These protections extend to digital spaces. The Department of Justice has repeatedly affirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web.

4. For Ms. Powell, Earth Mama Organics' products are not discretionary purchases; they are essential to her daily functioning, health, and safety. As a legally blind consumer, she cannot visually inspect product packaging, ingredient lists, allergen warnings, or usage instructions in physical stores. She relies on accessible digital interfaces to obtain this information independently. Earth Mama Organics markets its products as "obsessively clean herbal care," formulated with "effective organic ingredients" and "safe for anyone with a body," features uniquely important to Ms. Powell because she cannot visually detect skin irritation, packaging differences, or product variations. The Website is the only platform where she can independently review full ingredient disclosures, compare product formulations, and select items tailored to her medical and household needs.

5. The internet has become an indispensable tool for modern life. It is a primary means of shopping, banking, learning, communicating, and accessing essential goods and services. For blind and visually impaired individuals, equal access to websites is critical to participating in society on equal terms. When websites are not designed to be compatible with screen-reading software, blind users are excluded from the digital marketplace and denied the independence that sighted users take for granted.

6. Screen-reading software works by converting digital content into synthesized speech or refreshable Braille. For this technology to function, website content must be capable of being rendered into text. Websites that lack alternative text for images, contain unlabeled buttons or links, use improper heading structure, rely on mouse-only interactions, or contain broken ARIA references cannot be interpreted by screen readers. As a result, blind users cannot navigate, understand, or interact with such websites, and are denied equal access to the goods and services offered.

7. The World Wide Web Consortium (W3C) has published the Web Content Accessibility Guidelines (WCAG 2.1), which are widely recognized as the industry standard for accessible website design. These guidelines are followed by major corporations, government agencies, and public institutions to ensure that digital content is accessible to blind and visually impaired users. Compliance with WCAG 2.1 is readily achievable and necessary to provide equal access under the ADA.

8. Plaintiff brings this civil action against **EM Organics, LLC d/b/a Earth Mama Organics** for its failure to design, construct, maintain, and operate its highly interactive website, www.earthmamaorganics.com, in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to its website—and therefore to the goods and services offered therein—constitutes a violation of Plaintiff's rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. The Oregon

Secretary of State confirms that **EM Organics, LLC** is the active legal entity formerly known as **Earth Mama Angel Baby, LLC**, and is the registrant, owner, and operator of the Earth Mama Organics brand and website.

9. On **June 15, 2026**, **July 3, 2026**, and **August 10, 2026**, Plaintiff attempted to access Defendant's website using screen-reader technology in order to research and purchase Earth Mama Organics' personal-care products, including: (a) **Organic Vitamin D Drops**; and (b) **Booby Soothe Cabbage Cream**. These products appear directly on the pages Plaintiff attempted to access, as confirmed by the WAVE reports showing product images, headings, and "Add to Cart" controls.

10. Despite multiple attempts, Plaintiff was unable to independently complete her objectives due to persistent access barriers. Automated WAVE audits of the exact pages Plaintiff attempted to access—including the "New at Earth Mama" collection page and the "Products" catalog page—revealed missing alternative text, empty links, empty headings, missing form labels, broken ARIA references, non-semantic interactive controls, tabindex = -1 keyboard traps, and very low contrast errors. For example, the WAVE report for the "New at Earth Mama" page identified **29 Errors**, including "Missing alternative text," "Empty link," and **23 Broken ARIA reference." The WAVE report for the "Products" catalog page identified **39 Errors**, including "Missing alternative text," "Empty heading," and **33 Broken ARIA reference."

11. The accessibility barriers were pervasive across the pages Plaintiff attempted to use. The WAVE reports confirm that Defendant's Website is not coded in a manner compatible with screen-reader technology. The broken ARIA references, unlabeled buttons, empty links, missing alternative text, and keyboard traps prevented Plaintiff from identifying products, reviewing ingredient lists, comparing options, selecting quantities, or completing checkout. These barriers denied Plaintiff equal access to the goods and services Defendant provides to nondisabled customers. Exhibit B

12. Defendant operates a retail e-commerce platform through which consumers can browse personal-care products, review product-specific information, and purchase items directly online. Plaintiff specifically sought out Defendant because of its specialized organic and dermatologist-tested products, which are uniquely suited to the needs of blind users who rely heavily on accessible ingredient disclosures and safe formulations. As a legally blind consumer, Plaintiff relies on accessible digital interfaces and descriptive labeling to make informed purchasing decisions. Defendant's failure to provide an accessible website denied her equal access to the goods and services it provides to nondisabled customers.

13. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that www.earthmamaorganics.com becomes and remains accessible to blind and visually impaired users. Plaintiff remains genuinely interested in purchasing the products offered by Defendant and intends to return to the website as soon as it is remediated so that she may independently browse and obtain information about products for herself and her family. Without remediation, Plaintiff and other blind consumers remain excluded from equal participation in Defendant's online marketplace.

## **JURISDICTION & VENUE**

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

15. This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal ADA claims.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Bronx County which is within this District, and accessed

Defendant's website from within this District, and experienced the discriminatory barriers alleged herein in this District. Courts in this Circuit have repeatedly held that venue is proper where the plaintiff experiences the discriminatory denial of access to a website. See, *Velazquez v. Don Roberto Jewelers, Inc.*, No. 1:22-cv-05049 (S.D.N.Y. 2023) (Ramos, J.) (venue proper where plaintiff encountered website barriers in the district); see also *Romero v. 88 Acres Foods, Inc.,* 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).

17. Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities toward Bronx consumers through its highly interactive ecommerce website, www.earthmamaorganics.com which allows users to browse inventory, review product information, create accounts, and complete purchases. Defendant ships products directly to New York residents, including Bronx County and derives substantial revenue from sales to consumers in this State. Courts in this Circuit have consistently held that operators of nationwide ecommerce websites are subject to personal jurisdiction in New York when they purposefully avail themselves of the privilege of conducting business here. See *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018).

18. The United States Department of Justice has repeatedly confirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web. The DOJ's Guidance on Web Accessibility and the ADA states that the ADA's requirements apply to all services offered by public accommodations, including those offered online

19. This Court is empowered to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

20. Plaintiff **Maria Powell** is, and at all relevant times was, a resident of Bronx County, New York. Ms. Powell is legally blind and a member of the protected class of individuals under the

Americans with Disabilities Act, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the protections afforded under New York State and New York City law. As confirmed by her treating optometrist, Dr. Ralph Paternoster, O.D., of Park Professional Eyecare in the Bronx, Ms. Powell suffers from proliferative diabetic retinopathy, a permanent and progressive retinal disease that has caused severe and irreversible damage to her vision. Dr. Paternoster affirms that Ms. Powell "is legally blind due to proliferative diabetic retinopathy" and that "there are no available treatments capable of restoring her lost vision."

21. Plaintiff is a proficient user of screen-reader technology, including NVDA, and relies on keyboard navigation and accessible coding to browse, understand, and interact with websites. Because she cannot visually interpret printed or digital information without assistive technology, Ms. Powell depends on businesses to design, construct, and maintain their websites in a manner that is compatible with screen-reading software. Proper semantic structure, meaningful alternative text, labeled interactive controls, and accessible navigation are essential for her to independently access digital content

22. Defendant, **EM Organics, LLC**, is an Oregon domestic limited liability company organized under the laws of the State of Oregon. The Oregon Secretary of State confirms that EM Organics, LLC (Registry No. 077048-93**)** is an active Oregon DLLC, originally formed on April 19, 2002, and currently in good standing. The entity's principal place of business and mailing address is 17954 S Hidden Lake Drive, Oregon City, Oregon 97045, United States.

23. The Oregon Business Registry further confirms that EM Organics, LLC is the current legal entity name**,** and that the company previously operated under the name **Earth Mama Angel Baby, LLC** from April 19, 2002 until January 2, 2025, when it formally amended its Articles of Organization to adopt the present name EM Organics, LLC. This amendment is reflected in the Secretary of State's "Name History" records.

24. EM Organics, LLC conducts business under the trade name **Earth Mama Organics**, a nationally recognized brand specializing in organic personal-care products for pregnant women, breastfeeding mothers, newborns, and families. Defendant's own Terms & Conditions page identifies the brand as **Earth Mama® Organics**, confirming that EM Organics, LLC is the operator of the commercial website www.earthmamaorganics.com.

25. According to Defendant's corporate profile, Earth Mama Organics manufactures "obsessively clean herbal care for everyone and their mother," formulating products with "effective organic ingredients" and promoting them as safe for pregnant and breastfeeding women, babies, and individuals with sensitive skin. Defendant's product line includes certified organic herbal teas, castile-based soaps, healing balms, lotions, deodorants, sunscreens, and baby-care items.

26. Defendant maintains a substantial commercial presence in the United States. RocketReach reports that Earth Mama Organics generates approximately **$7.6 million** in annual revenue and employs at least **19 individuals**, with multiple employees located in New York, Florida, Texas, and Oregon. Defendant's primary U.S. business address is **9866 SE Empire Ct, Clackamas, Oregon 97015**, confirming its domestic operational footprint.

27. Defendant operates a highly interactive e-commerce website, www.earthmamaorganics.com, through which consumers nationwide—including those in New York—can browse inventory, review product information, access ingredient disclosures, create accounts, and purchase items directly online. The website is the exclusive digital platform through which Defendant markets and sells its products to the general public.

28. By operating a nationwide retail website, shipping products directly to New York residents, and deriving substantial revenue from sales to consumers in this State, Defendant purposefully avails itself of the privilege of conducting business within the Southern District of New York. Defendant's commercial activities establish continuous and systematic contacts sufficient to

subject it to personal jurisdiction in this District.

## STATEMENT OF FACTS

### I. Plaintiff's Attempts to Access the "New at Earth Mama" Collection Page

29. Plaintiff, **Maria Powell**, is legally blind due to proliferative diabetic retinopathy, a severe retinal disease that has caused "severe and permanent damage to her vision," and for which "there are no available treatments capable of restoring her lost vision." Her treating optometrist confirms that Ms. Powell "meets the criteria for legal blindness under both State and Federal standards & she should be afforded all privileges and accommodations available to those who are legally blind."

30. As a blind consumer, Ms. Powell relies exclusively on screen-reading software and keyboard navigation to access digital content. She cannot visually inspect product packaging, ingredient lists, allergen warnings, or usage instructions in physical stores. For her, accessible websites are the only means of independently obtaining product information, comparing options, and completing online purchases.

31. Earth Mama Organics is a nationally recognized brand specializing in organic, dermatologist-tested, fragrance-free, and sensitive-skin-safe personal-care products. Defendant markets its products as "obsessively clean herbal care," formulated with "effective organic ingredients," and "safe for anyone with a body," including pregnant women, breastfeeding mothers, newborns, and individuals with sensitive skin.

32. Earth Mama Organics' product line includes newborn supplements, postpartum balms, baby-care creams, sunscreens, and herbal remedies. These products are uniquely important to Ms. Powell because she cannot visually detect skin irritation, packaging differences, or product variations. She relies on accessible ingredient disclosures and descriptive labeling to make safe and informed purchasing decisions.

33. Defendant operates a highly interactive e-commerce website, www.earthmamaorganics.com, through which consumers can browse inventory, review product information, and purchase items directly online. The Oregon Secretary of State confirms that **EM Organics, LLC** is the active legal entity operating the Earth Mama Organics brand and website.

34. On **June 15, 2026**, **July 3, 2026**, and **August 10, 2026**, Plaintiff visited Defendant's website with the genuine intent to research and purchase two specific products that appear directly in the WAVE reports she accessed: (a) **Organic Vitamin D Drops**; and (b) **Booby Soothe Cabbage Cream**. These products are displayed on the "New at Earth Mama" and "Products" catalog pages, as shown in the WAVE scans.

35. Plaintiff selected Earth Mama Organics over other companies selling similar products because Defendant's brand is widely promoted as organic, evidence-based, and safe for newborns and postpartum care. RocketReach confirms that Earth Mama Organics manufactures "obsessively clean herbal care," trusted by families worldwide, and formulated with organic ingredients. For a blind consumer who cannot visually inspect physical packaging, Earth Mama's emphasis on safety, purity, and transparency made Defendant's website the most logical and trustworthy choice.

36. During each visit, Plaintiff attempted to browse product listings, review ingredient information, compare product formulations, and add items to her cart. However, she was unable to complete these tasks due to pervasive accessibility barriers that prevented her screen reader from interpreting the website's content.

37. The WAVE report for the **"New at Earth Mama"** page identified **29 Errors**, including: • Missing alternative text • Empty links • Empty headings • Missing form labels • **23 Broken ARIA references** These errors prevented Plaintiff's screen reader from announcing product names, prices, and "Add to Cart" buttons.

38. The WAVE report for the **"Products" catalog** page identified **39 Errors**, including: • Missing alternative text • Empty headings • Empty links • **33 Broken ARIA references.** These barriers prevented Plaintiff from navigating product categories, sorting items, or accessing product-specific information.

39. Across both pages, WAVE detected additional barriers including: • Non-semantic interactive controls • Improper ARIA labeling • Tabindex = -1 keyboard traps • Low-contrast text • Unlabeled search fields • Unlabeled live-chat controls These errors rendered the website incompatible with screen-reading technology and prevented Plaintiff from independently accessing the same information available to sighted users.

40. Because of these barriers, Plaintiff could not: • Identify product names or headings; • Access ingredient lists or usage instructions; • Navigate product grids; • Activate "Add to Cart" buttons; • Determine pricing or quantity options; • Complete checkout. Her attempts to purchase Organic Vitamin D Drops and Booby Soothe Cabbage Cream were repeatedly frustrated.

41. Defendant's failure to provide an accessible website denied Plaintiff equal access to the goods and services it offers to nondisabled customers. The barriers she encountered were not isolated or technical anomalies—they were systemic coding failures documented across multiple pages and multiple visits.

42. Plaintiff remains genuinely interested in purchasing Defendant's products and intends to return to the website as soon as it is remediated. However, until Defendant corrects the accessibility barriers identified in the WAVE reports, Plaintiff and other blind consumers will continue to be excluded from equal participation in Defendant's online marketplace.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks

certification of a nationwide class consisting of:

> All legally blind individuals in the United States who have attempted to access www.earthmamaorganics.com and, as a result of Defendant's failure to design, construct, maintain, and operate the Website in an accessible manner, were denied equal access to the goods, services, and information offered thereon.

44. Plaintiff also seeks certification of a New York subclass consisting of:

> All legally blind individuals residing in the State of New York, who have attempted to access www.earthmamaorganics.com and were denied equal access to the goods, services, and information offered thereon.

45. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. Defendant operates a nationwide ecommerce platform and markets its earbuds and audio products to consumers throughout the United States. Upon information and belief, thousands of blind and visually impaired individuals have attempted to access www.earthmamaorganics.com and have been denied equal access due to the systemic accessibility barriers confirmed by SortSite and WAVE audits.

46. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendant's Website contains accessibility barriers that prevent blind individuals from accessing its goods and services;
- Whether Defendant's failure to make its Website accessible violates Title III of the ADA;
- Whether Defendant's failure to maintain accessible digital content violates New York State and New York City disability rights laws;

- Whether Defendant's conduct constitutes ongoing discrimination against blind consumers; and
- Whether injunctive relief is warranted to require Defendant to bring its Website into compliance with WCAG 2.1.

47. Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff, like all members of the Class, is legally blind, uses screenreading software, and was denied equal access to Defendant's Website due to the same systemic accessibility barriers identified in the SortSite and WAVE reports.

48. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in ADA litigation, class actions, and digital accessibility matters.

49. Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, making final injunctive relief appropriate with respect to the Class as a whole. Defendant continues to operate an inaccessible Website without any policy, plan, or practice to ensure accessibility, thereby subjecting all blind users to the same discriminatory barriers.

50. Certification under Rule 23(b)(2) is appropriate because Defendant has failed to design, construct, maintain, and operate its Website in compliance with WCAG 2.1, and because Defendant's actions apply generally to all blind individuals who attempt to use the Website. Declaratory and injunctive relief is the only appropriate remedy to ensure equal access for Plaintiff and the Class.

## FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

51. Plaintiff, **MARIA POWELL**, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

52. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

53. Defendant's Website, www.earthmamaorganics.com is a service of a place of public accommodation and a digital gateway through which Defendant offers goods, services, privileges, and advantages to the general public. As such, the Website must be equally accessible to all consumers, including blind and visually impaired individuals who rely on screen-reading technology.

54. Defendant has failed to design, construct, maintain, and operate its website in a manner that is fully accessible to blind and visually impaired individuals, in violation of Title III of the ADA and its implementing regulations.

55. Defendant's website contains numerous accessibility barriers—including missing alternative text, broken ARIA references, unlabeled buttons, inaccessible pop-ups, improper heading structure, and aria-hidden focusable content—that prevent blind users from perceiving, navigating, and interacting with the website.

56. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

57. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

> privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

58. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, www.earthmamaorganics.com has not been provided services that are provided to other patrons who are not disabled; and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools. Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law.

59. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

60. Plaintiff, **MARIA POWELL,** on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

61. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

62. Plaintiff, at all times relevant to this action, as a result of her loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

63. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, www.earthmamaorganics.com within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

64. Plaintiff has visited the Website, www.earthmamaorganics.com on a number of occasions and has encountered barriers to her access that exist.

65. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

66. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities,

privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

67. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

68. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

69. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business

entities and government agencies to ensure websites are accessible.

70. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

71. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

72. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

73. Plaintiff repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

74. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes Defendant denies, that Defendant's website contains access barriers denying blind customers full and equal access to the products, services, and facilities offered through the website.

75. A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and duties and act accordingly.

**<u>THIRD CAUSE OF ACTION</u>**
**(Violation of New York State Civil Rights Law)**
**("NYCRL")**

76. Plaintiff, **MARIA POWELL,** on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

77. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Notice to Attorney General)

78. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

79. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

80. § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

81. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website, www.earthmamaorganics.com is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

82. Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

83. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

84. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court

of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id..*.

85. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

86. Plaintiff, **MARIA POWELL.** on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

87. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

88. Defendant is subject to NYCHRL because it owns and operates the Website, www.earthmamaorganics.com making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

89. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

90. Defendant is required to "make reasonable accommodation to the needs of persons

with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

91. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

92. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

93. As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

94. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

95. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

96. Plaintiff is also entitled to reasonable attorneys' fees and costs.

97. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

98. Plaintiff, **MARIA POWELL**, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

99. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

100. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating Title III of the ADA, 42 U.S.C. § 12182 et seq.;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make www.earthmamaorganics.com fully accessible to and usable by blind and visually impaired individuals, including through adoption and maintenance of WCAG-conforming accessibility measures;
- A declaration that Defendant owns, maintains, controls, and/or operates its website in a manner that discriminates against blind individuals and fails to provide equal access as required by law;
- An order certifying the proposed Class and New York Subclass under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;
- An award of costs, litigation expenses, and reasonable attorneys' fees to the fullest extent permitted by law; and
- Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
September 1, 2026

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com